**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**(NEWARK VICINAGE)**

| | |
|---|---|
| JOSE VASQUEZ and JOSE SIRI,<br><br>                      Plaintiffs,<br><br>vs.<br><br>JAIRO  A.  VELASQUEZ  LOPEZ;<br>TRANSPORTE  EL  SOL  DE  AMERICA;<br>JOHN   DOE   1-10   (fictitious   names<br>representing a class of fictitious defendants)<br>and   ABC   LLC   1-10   (fictitious   names<br>representing a class of fictitious defendants),<br><br>                      Defendants. | Case No.: |

**NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE** that Defendants JAIRO A. VELASQUEZ LOPEZ and

TRANSPORTE EL SOL DE AMERICA, CORP. (hereinafter "Defendants") by and through their

attorneys Leary, Bride, Mergner & Bongiovanni, P.A., moves this Court for Removal pursuant to

28 U.S.C. § 1332, 1442, and 1446 with full reservation of any and all defenses and objections and,

in support thereof, state the following reasons:

1. On June 30, 2022, Plaintiffs, JOSE VASQUEZ and JOSE SIRI (collectively hereinafter

   "Plaintiffs"), filed a Complaint in the Superior Court of New Jersey, Law Division,

   Essex County, Docket No.: ESX-L-3855-22.  This is the first pleading in which

   Defendants were named as Defendants in the aforementioned action.  A true and correct

   copy of Plaintiffs' Complaint is attached hereto as **Exhibit A**.

2. Plaintiffs' Complaint alleges that, on or about August 6, 2020, Plaintiffs were involved in a motor vehicle accident with Defendants while traveling eastbound on Interstate 280 near/at milepost 14.1 in the right lane in Newark, County of Essex, New Jersey.

3. Defendants filed their Answer to Plaintiffs Complaint on July 2, 2022 (**Exhibit B**).

4. Plaintiff, JOSE VASQUEZ, is domiciled in New York County, New York.

5. Plaintiff, JOSE SIRI, is domiciled in Bronx County, New York.

6. Defendant, TRANSPORTE EL SOL DE AMERICA, CORP., is a Florida corporation with its principal place of business located in Miami, Florida.

7. Defendant, JAIRO A. VELASQUEZ LOPEZ, is domiciled in Broward County, Florida.

8. The instant action is between citizens of different states as defined by 28 U.S.C. § 1332(a)(1).

9. Moreover, upon information and belief, the matter in dispute exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs pursuant to 28 U.S.C. § 1332(a).  Plaintiffs Complaint alleges Plaintiffs sustained serious and permanent injuries, great pain and anguish, lost time from employment, and medical expenses.  Pursuant to New Jersey Court Rule 4:5-2, Plaintiffs Complaint seeks unliquidated money damages generally without specifying the amount.  See 28 U.S.C. § 1446(c)(2)(A)(ii).  On July 22, 2022, the Defendants, pursuant to New Jersey Court Rule 4:5-2, served a Request for Statement of Amount of Damages Claimed (see **Exhibit B**).  On August 4, 2022, Plaintiffs responded by submitting a Statement of Damages annexed hereto as **Exhibit C**, stating that the amount in controversy is One Million Dollars ($1,000,000.00).  As such, the amount in controversy exceeds the sum

of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs pursuant to 28 U.S.C. § 1332(a).

10. Furthermore, Defendants respectfully submit that this Notice of Removal is timely under 28 U.S.C. § 1446(b).  Defendants received Plaintiffs' Complaint on or about July 15, 2022.  Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after Defendants' receipt of Plaintiffs Complaint on July 15, 2022.  Plaintiffs Complaint is the initial pleading setting forth the claim for relief upon which this action is based as to Defendants.

11. In addition, Plaintiffs' Complaint did not set forth the amount in controversy. Defendants did not learn that the amount in controversy exceeded the sum of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs pursuant to 28 U.S.C. § 1332(a) until August 4, 2022, when Plaintiffs served their Statement of Damages (**Exhibit C**).

12. Pursuant to 28 U.S.C. § 1332, given that the true parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, Defendants respectfully submits that this Court has original jurisdiction.   See 28 U.S.C. § 1332(a)(2).

13. Pursuant to 28 U.S.C. § 1446(a), a copy of all processed pleadings and orders that have transpired in the State Court action are attached hereto as **Exhibit A, Exhibit B** and **Exhibit C**.

14. Pursuant to 28 U.S.C. § 1446(d), Defendants shall, after the filing of this Notice of Removal, promptly give written notice to all adverse parties and file a copy of the notice with the Clerk of the Superior Court of New Jersey, Law Division, Essex County.

# EXHIBIT A

15. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

**WHEREFORE**, and without waiver of any substantial or procedural defenses, Defendants respectfully request that this Court assume jurisdiction over this action and make such further orders herein as may be required to properly determine its controversy.

LEARY, BRIDE, MERGNER & BONGIOVANNI, P.A.

By:   *Tomas B. Lim*
　　　Tomas B. Lim
　　　Attorneys for Defendants:
　　　Jairo A. Velasquez Lopez and Transporte El Sol De America, Corp.

Dated: August 11, 2022

## <u>LOCAL CIVIL RULE 11.2 CERTIFICATION</u>

I hereby certify that to the best of my knowledge the matter in controversy is not the subject of any other action pending in this Court or any other court, or of any pending arbitration or administrative proceedings, with the exception of <u>Jose Vasquez and Jose Siri v. Jairo A. Velasquez Lopez; Transporte El Sol De America; et al.</u>, Superior Court of New Jersey, Law Division, Essex County, Docket No.:  ESX-L-3855-22.

I hereby certify that the foregoing statements made by me are true.  I am aware that if the foregoing statements made by me are willfully false, I am subject to punishment.

LEARY, BRIDE, MERGNER & BONGIOVANNI, P.A.

By:    *Tomas B. Lim*
      Tomas B. Lim
      Attorneys for Defendants:
      Jairo A. Velasquez Lopez and Transporte El Sol De America, Corp.

Dated: August 11, 2022

## <u>CERTIFICATE OF SERVICE</u>

Tomas B. Lim, Esq., first being duly sworn according to law, deposes and says that he is an attorney for the firm of LEARY, BRIDE, MERGNER & BONGIOVANNI, P.A., attorneys for Defendants Jairo A. Velasquez Lopez and Transporte El Sol De America, Corp. and that he did serve the above and foregoing **NOTICE OF REMOVAL and CERTIFICATION PURSUANT TO LOCAL RULE 11.2** upon the parties named below via New Jersey Lawyers Service to:

Abraham N. Miligraum, Esq.
The Donnelly Law Firm, LLC
86 Summit Avenue, 4th Floor
Summit, NJ 07901
**Attorneys for Plaintiffs:**
**Jose Vasquez and Jose Siri**

LEARY, BRIDE, MERGNER & BONGIOVANNI, P.A.

By:    *Tomas B. Lim*
Tomas B. Lim
Attorneys for Defendants:
Jairo A. Velasquez Lopez and Transporte El Sol De America, Corp.

Dated: August 11, 2022

# EXHIBIT B

**THE DONNELLY LAW FIRM, LLC**
ABRAHAM N. MILGRAUM, ESQ.
ATTORNEY ID. 012872011
86 SUMMIT AVE 4th Floor
SUMMIT NJ 07901
(908) 275-1500
Attorneys for Plaintiffs

| | |
|---|---|
| JOSE VASQUEZ and JOSE SIRI,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>JAIRO A. VELASQUEZ LOPEZ;<br>TRANSPORTE EL SOL DE AMERICA;<br>JOHN DOE 1-10 (fictitious names<br>representing a class of<br>fictitious defendants) and ABC<br>LLC 1-10 (fictitious names<br>representing a class of<br>fictitious defendants),<br><br>　　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br>DOCKET NO:<br><br>　　　　Civil Action<br><br>**COMPLAINT, JURY DEMAND,<br>DESIGNATION OF TRIAL COUNSEL<br>AND CERTIFICATION** |

Plaintiffs, JOSE VASQUEZ and JOSE SIRI, by way of complaint says:

## FIRST COUNT

1.    On or about August 6, 2020, Plaintiff, JOSE VASQUEZ was the driver of a truck stopped in traffic on interstate 280 eastbound near milepost 14.1 in the right lane in Newark, New Jersey.

2.    Plaintiff, JOSE SIRI, was a passenger in the vehicle operated by plaintiff, JOSE VASQUEZ.

2.    At the time and place aforesaid, Defendants, JAIRO A. VELASQUEZ LOPEZ and/or JOHN DOE 1-10 (fictitious names

representing a class of fictitious defendants), was driving a truck owned by co-defendants, TRANSPORTE EL SOL DE AMERICA and/or ABC LLC 1-10 (fictitious names representing a class of fictitious defendants), traveling on eastbound on Interstate 280 near/at milepost 14.1 in the right lane in Newark, New Jersey.

3.   Defendants, JAIRO A. VELASQUEZ LOPEZ; TRANSPORTE EL SOL DE AMERICA; JOHN DOE 1-10 (fictitious names representing a class of fictitious defendants) and/or ABC LLC 1-10 (fictitious names representing a class of fictitious defendants) controlled, maintained and/or operated the motor vehicle in a careless, negligent and reckless manner and caused a serious automobile accident.

4.   As a direct and proximate result of the aforesaid carelessness, negligence and recklessness of the Defendants, the Plaintiffs were violently tossed, sustained injuries causing permanent disability, permanent significant disfigurement, permanent loss of bodily function, lost time from work and suffered an impairment in earning capacity, has incurred or in the future will incur expenses for the treatment of said injuries, has been disabled and will in the future be disabled and not able to perform their usual functions, has been caused and in the future will be caused great pain and suffering, has been deprived and in the future will be deprived of their right to the enjoyment of life.

**WHEREFORE**, Plaintiffs, JOSE VASQUEZ and JOSE SIRI, demands

judgment against the Defendants, together with interest and cost of suit.

## SECOND COUNT

1.    Plaintiffs incorporates all of the allegations of the above count as if stated herein.

2.    At the time of the accident Defendant, JAIRO A. VELASQUEZ LOPEZ and/or JOHN DOE 1-10 (fictitious names representing a class of fictitious defendants), was operating a truck in the course of employment of co-defendants, TRANSPORTE EL SOL DE AMERICA and/or ABC LLC 1-10 (fictitious names representing a class of fictitious defendants).

3.    Defendant, JAIRO A. VELASQUEZ LOPEZ and/or JOHN DOE 1-10 (fictitious names representing a class of fictitious defendants) controlled, maintained and/or operated the truck in a careless, negligent and reckless manner and caused a serious automobile accident making co-defendants, TRANSPORTE EL SOL DE AMERICA and/or ABC LLC 1-10 (fictitious names representing a class of fictitious defendants) vicariously liable.

4.    As a direct and proximate result of the aforesaid carelessness, negligence and recklessness of the Defendants, the Plaintiffs were violently tossed, sustained injuries causing permanent disability, permanent significant disfigurement, permanent loss of bodily function, lost time from work and suffered an impairment in earning capacity, has incurred or in the future

will incur expenses for the treatment of said injuries, has been disabled and will in the future be disabled and not able to perform their usual functions, has been caused and in the future will be caused great pain and suffering, has been deprived and in the future will be deprived of their right to the enjoyment of life.

**WHEREFORE**, Plaintiffs, JOSE VASQUEZ and JOSE SIRI, demands judgment against the Defendants together with interest and cost of suit.

## DEMAND FOR INTERROGATORIES

Plaintiffs demands that Defendant(s) answer Form C and Form C(1) interrogatories (and the supplemental interrogatories that will be served) within the time prescribed by law.

## REJECTION OF ANY NOTICES OF ALLOCATION

Plaintiffs rejects any Notice of Allocation asserted by any Defendant(s), whether made pursuant to R. 4:7-5 or otherwise. Plaintiff insists that the details upon which any claim of allocation is based be provided to Plaintiffs in a timely manner in discovery as is required by Young v. Latta, 123 N.J. 584 (1991).

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demands a trial by jury as to all issues involved herein.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R.4:25-4, ABRAHAM N. MILGRAUM, ESQ., has been

designated as trial counsel in the above matter.

## CERTIFICATION

I hereby certify that this matter is not the subject of any other action pending in any Court or a pending Arbitration proceeding, nor is any other action or Arbitration proceeding contemplated. All parties known to Plaintiff at this time who should have been joined in this action, have been joined.

**THE DONNELLY LAW FIRM, LLC.**
Attorneys for Plaintiffs

BY: _____
        ABRAHAM N. MILGRAUM

Dated: June 2, 2022

# Civil Case Information Statement

## Case Details: ESSEX | Civil Part Docket# L-003855-22

**Case Caption:** VASQUEZ JOSE  VS VELASQUEZ LOPEZ JAIRO

**Case Initiation Date:** 06/30/2022

**Attorney Name:** ABRAHAM N MILGRAUM

**Firm Name:** THE DONNELLY LAW FIRM, LLC

**Address:** 86 SUMMIT AVE 4TH FL

SUMMIT NJ 07901

**Phone:** 9082751500

**Name of Party:** PLAINTIFF : Vasquez, Jose

**Name of Defendant's Primary Insurance Company**
(if known): COUNTY HALL INSURANCE

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (NON-VERBAL THRESHOLD)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Jose Vasquez?** NO

**Are sexual abuse claims alleged by: Jose Siri?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** YES

**If yes, for what language:**
SPANISH,SPANISH

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/30/2022                                                                    /s/ ABRAHAM N MILGRAUM

Dated                                                                              Signed

Tomas B. Lim - 004612012
LEARY, BRIDE, MERGNER & BONGIOVANNI, P.A.
7 Ridgedale Avenue
Cedar Knolls, NJ  07927
(973) 539-2090
(973) 539-0806 (f)
Attorneys for Defendants:
Jairo A. Velasquez Lopez and Transporte El Sol De America
File No. CR 30597 TBL

| | |
|---|---|
| JOSE VASQUEZ and JOSE SIRI,<br><br>                        Plaintiffs,<br><br>vs.<br><br>JAIRO A. VELASQUEZ LOPEZ; TRANSPORTE EL SOL DE AMERICA; JOHN DOE 1-10 (fictitious names representing a class of fictitious defendants) and ABC LLC 1-10 (fictitious names representing a class of fictitious defendants),<br><br>                        Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION:  ESSEX COUNTY<br><br>DOCKET NO.:  ESX-3855-22<br><br>               Civil Action<br><br>**ANSWER TO COMPLAINT, CLAIM FOR CONTRIBUTION, CLAIM FOR INDEMNIFICATION, DEMAND FOR ALLOCATION, DENIAL OF CROSS-CLAIMS, REQUEST FOR STATEMENT OF DAMAGES, DESIGNATION OF TRIAL ATTORNEY AND JURY DEMAND** |

Defendants, Jairo A. Velasquez Lopez and Transporte El Sol De America ("Defendants"), by way of Answer to Plaintiffs' Complaint, says:

**FIRST COUNT**

1.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the First Count of the Complaint.

2.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first enumerated paragraph 2 of the First Count of the Complaint.

2.      Defendants deny in the form alleged each and every allegation contained in the second enumerated paragraph 2 of the First Count of the Complaint and respectfully refers all questions of fact and law to the Court.

3.      Defendants deny each and every allegation contained in paragraph 3 of the First Count of the Complaint.

4.      Defendants deny each and every allegation contained in paragraph 4 of the First Count of the Complaint.

**WHEREFORE,** Defendants demand judgment dismissing the Complaint and awarding costs of suit, attorneys' fees, interest, and any and all other relief the court deems just.


## SECOND COUNT

1.      In response to paragraph 1 of the Second Count of the Complaint, Defendants repeat, reiterate and reallege each and every response contained in the paragraphs above, with the same force and effect as if more fully set forth herein.

2.      Defendants deny in the form alleged each and every allegation contained in paragraph 2 of the Second Count of the Complaint and respectfully refer all questions of fact and law to the Court.

3.      Defendants deny each and every allegation contained in paragraph 3 of the Second Count of the Complaint.

4.      Defendants deny each and every allegation contained in paragraph 4 of the Second Count of the Complaint.

**WHEREFORE,** Defendants demand judgment dismissing the Complaint and awarding costs of suit, attorneys' fees, interest, and any and all other relief the court deems just.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants violated no duty owing to the Plaintiffs and were not negligent.

### SECOND AFFIRMATIVE DEFENSE

Any and all injuries or damages alleged to have been suffered by the Plaintiffs were caused solely by the comparative and/or contributory negligence of the Plaintiffs.

### THIRD AFFIRMATIVE DEFENSE

The claims asserted are barred or otherwise diminished by the comparative and/or contributory negligence of the Plaintiffs pursuant to the provisions of the New Jersey Comparative Negligence Act.

### FOURTH AFFIRMATIVE DEFENSE

Any and all injuries or damages alleged to have been suffered by the Plaintiffs were caused solely by the negligence of independent third parties or entities over whom the Defendants exercised no control, and is not otherwise vicariously liable.

### FIFTH AFFIRMATIVE DEFENSE

This action is barred by the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Defendants have not been timely or properly served with process, including the Summons and Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

This Court lacks personal jurisdiction over these Defendants in that Defendants have not been properly served with the Summons and Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs assumed the risk inherent in the activity engaged in by the Plaintiffs.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to mitigate damages.

**TENTH AFFIRMATIVE DEFENSE**

The cause of action alleged in the Complaint is barred by the Entire Controversy Doctrine.

**ELEVENTH AFFIRMATIVE DEFENSE**

The cause of action alleged in the Complaint is barred by res judicata and/or collateral estoppel.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs do not have standing to assert the damage claims alleged.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to comply with the mandatory joinder and other requirements of the Uniform Declaratory Judgments Law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to state a cause of action upon which relief can be granted.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred inasmuch as plaintiffs have failed to meet the verbal threshold/Limitation on Lawsuit conditions of the applicable insurance policy (if applicable).

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are estopped or otherwise equitably barred from recovery in this case based on the doctrines of unclean hands, waiver, laches or other equitable principles.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs claims are barred and/or limited inasmuch as such claims are subject to any statute or Rules of Court.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs claims are barred and/or limited inasmuch as plaintiff has failed to satisfy any statutory prerequisites to filing suit.

## NINETHEENTH AFFIRMATIVE DEFENSE

Defendants incorporate by reference all affirmative defenses asserted by any co-defendant or third-party defendant in this action, whether such defense was asserted prior or subsequent to this pleading.

## DEMAND FOR ALLOCATION

If any co-defendant or third-party defendant settles prior to verdict, these Defendants will seek an allocation of the percentage of negligence, fault or breach of contractual duty by the fact finder against the settling co-defendant(s).  We will seek this allocation whether or not we have formally filed a cross-claim against said co-Defendants.  We will rely upon the examination and cross-examination of Plaintiffs' expert witnesses and any and all other witnesses at the time of trial in support of this allocation, at our discretion.  You are apprised of this pursuant to R. 4:7-5(c) and Young v. Latta, 123 N.J. 584 (1991).

## CLAIM FOR CONTRIBUTION

These Defendants demand Contribution from all co-Defendants and third-party Defendants herein pursuant to New Jersey Joint Tortfeasors Contribution Act, <u>N.J.S.A.</u> 2A:53A-1, et Seq. and <u>N.J.S.A.</u> 2A:15-5.3, et seq. and the applicable case law thereto.

WHEREFORE, these Defendants demand judgment for Contribution against all parties herein.

## CLAIM FOR COMMON-LAW INDEMNIFICATION

While denying liability to the plaintiffs for the accident or occurrence and the resulting damages alleged, if judgment is recovered by plaintiff against these Defendants it is hereby asserted that these Defendants' negligence or liability was merely constructive, technical, imputed or vicarious and that plaintiffs action and damages arose through the direct and primary negligence or liability of one or more co-Defendants or third-party Defendants.

WHEREFORE, these Defendants demand judgment for common-law indemnification against all parties herein for the entire amount of damages assessed against these Defendants, together with attorney's fees, interest, costs of suit, and all other relief the court deems just.

## CLAIM FOR CONTRACTUAL INDEMNIFICATION & BREACH OF CONTRACT

Defendants entered into written contracts and addenda with other parties to this litigation and, pursuant to those contracts, these Defendants are entitled to be indemnified for any damages and costs, including indemnification for Defendants' own negligence or fault. The contracts also obligates other parties to afford defendant substantial other rights and benefits, which obligations were breached (including, but not limited to, the requirement to obtain specific insurance coverage) and has caused Defendants to suffer damages.

WHEREFORE, Defendants demand judgment for contractual indemnification and breach of contract against all parties herein with whom it had a written contract for the entire amount it is entitled to under the contract and by law, including indemnification, attorney's fees, interest, costs of suit, and all other relief the court deems just.

## ANSWER TO CROSSCLAIMS

Defendants deny each and every cross-claim made against them by any other party for contribution, common-law indemnification, contractual indemnification, or any other related cause of action.

## JURY DEMAND

PLEASE TAKE NOTICE that Defendants demand a trial by a jury of twelve on all issues.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, we are hereby designating TOMAS B. LIM, ESQ., as trial counsel for these Defendants.

## DEMAND FOR INSURANCE INFORMATION

Pursuant to R. 4:10-2(b), these Defendants hereby demand production within thirty (30) days of contents of any insurance agreement under which Plaintiffs may be covered to satisfy part or all of a judgment which may be entered in the action or to indemnity or reimburse for payment made to satisfy the judgment.

## REQUEST FOR STATEMENT OF AMOUNT OF DAMAGES CLAIMED

Pursuant to R. 4:5-2, you are hereby requested to submit to the undersigned, within 5 days after service hereof upon you, a statement of the amount of the damages claimed by you in each count of the Complaint, in the captioned matter.

## DEMAND FOR DISCOVERY

Defendants demand that each party comply with its obligation to provide responses to Form interrogatories and other discovery as set forth in the Court Rules, as well as to immediately provide within 7 days all discovery exchanged among any of the parties prior to these Defendants pleading being filed.

## CERTIFICATION

I hereby certify that the within pleading was served in the time limit of R. 4:6-1 et seq. Pursuant to R. 4:5-1, the undersigned hereby certifies that at the time of the filing of this Answer, the matter in controversy is not the subject of any other action pending in any Court and/or Arbitration proceeding and no other parties should be joined.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

LEARY, BRIDE, MERGNER & BONGIOVANNI, P.A.

By: *s/Tomas B. Lim*
   Tomas B. Lim
   Attorneys for Defendants:
   Jairo A. Velasquez Lopez and Transporte El Sol De America

Dated: July 22, 2022

# Civil Case Information Statement

| Case Details: ESSEX | Civil Part Docket# L-003855-22 |

**Case Caption:** VASQUEZ JOSE  VS VELASQUEZ LOPEZ
JAIRO

**Case Initiation Date:** 06/30/2022

**Attorney Name:** TOMAS BLAQUERA LIM

**Firm Name:** LEARY, BRIDE, MERGNER & BONGIOVANNI,
PA

**Address:** 7 RIDGEDALE AVE
CEDAR KNOLLS NJ 07927

**Phone:** 9735392090

**Name of Party:** DEFENDANT : VELASQUEZ LOPEZ,
JAIRO, A

**Name of Defendant's Primary Insurance Company**
(if known): County Hall Insurance Company

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (NON-
VERBAL THRESHOLD)

**Document Type:** Answer W/CrossClaim W/Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: JOSE  VASQUEZ?** NO

**Are sexual abuse claims alleged by: JOSE  SIRI?** NO

| **THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE** |
| CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION |

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** YES
    **If yes, for what language:**
    SPANISH,SPANISH,

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

07/22/2022
Dated

/s/ TOMAS BLAQUERA LIM
Signed

# EXHIBIT C



DENNIS M. DONNELLY
Certified Civil Trial Attorney

**THE DONNELLY LAW FIRM**

ABRAHAM N. MILGRAUM

86 Summit Avenue, 4th Floor, Summit, NJ 07901    P: 908.275.1500    F: 908.275.4428    www.njciviljustice.com

August 1, 2022

Tomas B. Lim, Esq.
Leary, Bride, Mergner & Bongiovanni, P.A
7 Ridgedale Avenue
Cedar Knolls, NJ 07927

    **Re: Vasquez & Siri vs. Velasquez Lopez, et al.**
        **Docket No.:  ESX-L-3855-22**

Dear Mr. Lim:

    Thank you for filing an Answer on behalf of the Defendants in the above-referenced matter.

    In response to your Demand for a Statement of Damages, please be advised that the amount of damages being claimed is five hundred thousand dollars ($500,000.00) for Plaintiff, Jose Vasquez and five hundred thousand dollars ($500,000.00) for Plaintiff, Jose Siri.

                        Very truly yours,

                        ABRAHAM N. MILGRAUM
                        amilgraum@njciviljustice.com

ANM/jv